UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 18-10319-LTS |
| JOHN TAVARES, a/k/a "Joao Tavares," | ) ) ) | |
| Defendant. | ) ) | |

ORDER SCHEDULING EVIDENTIARY HEARING PURSUANT TO 21 U.S.C. § 851

February 4, 2020

SOROKIN, J.

On October 24, 2019, Defendant John Tavares pled guilty to the charges set forth in the Superseding Indictment. Doc. No. 87. The Superseding Indictment also charges that Tavares committed these offenses subsequent to sustaining a conviction for a serious drug felony for which he served more than 12 months of imprisonment, and therefore seeks an enhancement to the mandatory minimum sentence (from ten years to fifteen years). 21 U.S.C. § 841(b)(1). Tavares, for his part, did not admit to the applicability of the § 851 enhancement; rather, at the plea hearing he preserved his objection to it. Doc. No. 87. In post-plea briefing, Tavares challenged the enhancement, raising two issues: (1) that the prior conviction was obtained in violation of the United States Constitution; and (2) that defendant did not serve twelve or more months on the prior conviction. Doc. Nos. 90, 106.

Under § 851(c)(1), the United States bears the burden of establishing the applicability of a prior conviction for enhancement purposes with evidence beyond a reasonable doubt. 21 U.S.C. § 851(c)(1). Under subsection (c)(2), however, if a defendant properly raises a challenge to the constitutionality of a prior conviction—and here there is no dispute that Tavares has

properly raised such a challenge—the statute places the burden on the defendant to establish the unconstitutionality of the prior conviction by a preponderance of the evidence. Id. § 851(c)(2). Constitutional challenges arising under subsection (c)(2) are a subset of the range of issues that may arise under subsection (c)(1) when the government seeks to enhance a sentence under § 851 with a prior conviction. In these cases, subsection (c)(1) provides that the Court "shall hold a hearing to determine any issues raised by [a defendant's] response [to the § 851 enhancement] which would except the person from increased punishment." Id. § 851(c)(1). Further, the statute provides that "[t]he hearing shall be before the court without a jury and either party may introduce evidence." Id.; see also United States v. Ward, 518 F.3d 75, 80 (1st Cir. 2008) ("[A]fter receiving a defendant's [written response to an information], the court shall hold a hearing" (internal quotation marks omitted)); United States v. Curet, 670 F.3d 296, 300 (1st Cir. 2012) (holding that a district court was relieved of its obligation to hold an evidentiary hearing only because the defendant affirmatively waived and withdrew the argument that his prior conviction was unconstitutional at his plea hearing); United States v. French, 974 F.2d 687, 698 (6th Cir. 1992) (holding that the "district court erred in failing to conduct a hearing on the constitutionality of [the defendant's] state conviction [where] that conviction was used to enhance his statutory minimum penalty under the recidivist provision of § 841(b)").

Accordingly, the Court will hold an evidentiary hearing on the constitutional challenge to Tavares' prior conviction on February 25, 2020 at 9:30 a.m. in Courtroom 13. The oral argument scheduled for February 10, 2020 in this matter is CANCELLED. At the status conference on January 31, 2020, defense counsel stated that he was abandoning his contention that Tavares had not served more than twelve months on the prior conviction in question. Doc.

No. 115.  Accordingly, the Court deems that argument waived.  The Court will conduct a colloquy with the defendant at the hearing to determine his concurrence in this course of action.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge